## WILLETTS *vs.* VANDENBURGH and others.

An action will not lie, in favor of a *simple contract. creditor,* against the assignee of the debtor under an assignment for the benefit of creditors, and others, to compel the assignee to account for the assigned property, and to pay the value of property alleged to have been fraudulently left in the hands of the assignor, and by him converted to his own use; to compel another defendant to pay the value of certain property of the assignor, alleged to have been sold at auction, by the assignee, for the benefit of such defendant, for less than its value, by collusion, and without due notice; to compel the defendants to pay the value of other property alleged to have been sold at auction to one of the defendants, for less than its value, by collusion; to compel the assignee to account for and pay the value of lands alleged to have been fraudulently conveyed to him, without consideration, by the assignor, previous to the assignment; to set aside deeds to another defendant, alleged to have been executed by the assignor, before the assignment, as fraudulent and void and without consideration; to compel the delivery of the possession of the premises thus conveyed; and to obtain judgment against the assignee for the amount of the plaintiff's claim. A *judgment* must first be obtained, by the plaintiff, and the remedy at law exhausted, *it seems.*

THIS was an appeal from an order made by Hon. Justice SUTHERLAND, at special term, overruling the demurrers of the defendants to the complaint. The action was brought by the plaintiff, who claims to be a simple contract creditor of one David M. Meserole, now deceased, in a sum amounting at the commencement of this action to about $87, against the defendant Vandenburgh, who is alleged to be an assignee for benefit of creditors of said Meserole, under an assign-

ment annexed to the complaint, and against the other defendants, for the following purposes: 1. To compel the assignee to account for the assigned property, and to pay the full value of certain property alleged to have been fraudulently left in the hands of the assignor, and by him converted and appropriated to his own use. 2. To compel the defendant Abraham Meserole to pay the full value of certain property of the assignor, alleged to have been sold at auction to one Knapp for the benefit of said defendant Abraham Meserole, for less than its true value, by collusion between said defendant and said assignee, and without due notice. 3. To compel said defendants to pay the full value of certain property alleged to have been sold at auction to the defendant Abraham Meserole, jun., for less than its value, by collusion as aforesaid. 4. To compel the defendant Vandenburgh to account for and pay the full value of certain lands in Kings county, alleged to have been fraudulently conveyed to him, without consideration, by the assignor, *before* the date of the assignment. 5. To set aside a certain deed alleged to have been made *before* the date of the assignment, by the assignor, to the defendant Abraham Meserole, jun., conveying certain lands in Dutchess county, as fraudulent and void and without consideration. 6. To set aside a certain other deed alleged to have been made without consideration, *before* the date of said assignment, by said assignor to said Abraham Meserole, jun., conveying certain lands in Kings county, as fraudulent and void. 7. To compel the said Abraham Meserole, jun., to deliver full and peaceable possession of said premises to said assignor, to be by him accounted for to the creditors of said assignor. 8. To obtain judgment for the plaintiff for the amount of his said claim against the defendant Vandenburgh in full, or if assigned estate be not sufficient, then ratably. 9. For such other or further relief as shall be just.

The defendants demurred separately to the complaint upon the following grounds appearing upon the face of said complaint, that is to say:

"I. That this court has no jurisdiction of the subject of the action; for that, 1st. The matter in dispute does not exceed the value of one hundred dollars. 2d. It does not appear that the plaintiff has brought his action at law, or taken any proceedings for the recovery of his demand against David M. Meserole, named in said complaint, or his estate. II. That there is a defect of parties defendant in said action; because, 1st. The defendant Abraham Meserole, jun., is not a necessary or proper party to said action. 2d. The defendant Abraham Meserole is not a necessary or proper party to said action. 3d. The personal representatives, widow and heirs at law, of David M. Meserole, named in said complaint, are necessary and proper parties to the action. 4th. One Knapp, who is mentioned in said complaint at folios 29 and 30, is a necessary and proper party to said action. III. That several causes of action have been improperly united, in that, 1st. The several causes of action alleged in said complaint do not all arise out of the same transaction, or transactions connected with the same subject of action. 2d. The said alleged causes of action do not all belong to one of the classes specified in section 167 of the code of procedure. 3d. The said several alleged causes of action do not affect all the parties to the said action. 4th. The said several alleged causes of action will require different places of trial, to wit, the county of Dutchess, the county of Kings, and the city and county of New York. 5th. The said several alleged causes of action are not separately stated in said complaint. IV. The said complaint does not state facts sufficient to constitute a cause of action against the defendant.

*Theo. F. Jackson,* for the appellants.

*Geo. Terwilliger,* for the plaintiff.

BY THE COURT. The plaintiff, not being a judgment creditor, is not entitled to maintain this action.

In this respect the demurrer is well taken.

Order appealed from reversed. Judgment ordered for the defendant, on the demurrer, with leave to the plaintiff to amend on payment of costs.

[NEW YORK GENERAL TERM, May 6, 1861. *Clerke, Gould* and *Ingraham,* Justices.]